UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

In Re: Robert Zorn : File No. 1:09-MC-81

OPINION AND ORDER
(Paper 1)

Plaintiff Robert Zorn, proceeding *pro se*, has submitted a filing that seeks to combine several state court cases with a series of his previously-dismissed federal cases. Although his filing is often incomprehensible, Zorn appears to be alleging that all of these cases, spanning several years and multiple public and private defendants, are linked by a common conspiracy to cause him injury.

Because of Zorn's "proclivity for filing meritless and resource-consuming claims," the Court has barred him from filing suit without receiving judicial permission. See Zorn v. Brown, File No. 1:05-CV-297 (Paper 50). The Court must therefore review Zorn's filing to determine if it is "repetitive, meritless, frivolous, malicious, intended to harass, delusional, or otherwise barred." Id.

Zorn's filing seeks to remove cases from the Windsor and Chittenden County Superior Courts and combine them with at least six closed federal cases. The subject matter of the federal cases ranged from a dispute with a neighbor to

allegations of corruption by various public officials.  Zorn was unsuccessful in each case.

Zorn now claims that he has new evidence.  He attaches to his filing a letter from an insurance company explaining why certain automobile accidents are included on his current driving record, and a letter from the Windsor County Superior Court rejecting his current and future filings if they are submitted *pro se*.  (Paper 1-2 at 6, 13).  It is not clear from Zorn's submission how these letters relate to his claim that all persons and entities he has sued over the last several years "willfull[y] and maliciously orchestrated" a plan to cause him injury.  Id. at 25.

The Supreme Court and the Second Circuit Court of Appeals have held that an action is frivolous when the claim is "based on an indisputably meritless legal theory," or if "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy."  Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (quoting Nietzke v. Williams, 490 U.S. 319, 327 (1989)); see also Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).  Here, Zorn sees a conspiracy brought about by insurance companies, individuals, the United States Government, state court judges, and a Vermont town.  Even if the Court reads the complaint in the required liberal fashion, it is compelled to

conclude that Zorn's claims lack either a believable factual basis or any conceivable legal merit.  The motion for leave to file is, therefore, DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 15th day of September, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge